Jaime T. **TOLENTINO**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 92–CM–912.

District of Columbia Court of Appeals.

Submitted May 26, 1993.

Decided Jan. 31, 1994.

---

Eugene M. Bond, Alexandria, VA, for appellant.

Thomas C. Black, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty. at the time the brief was filed, and John R. Fisher, Asst. U.S. Atty., Washington, DC, were on the brief, for appellee.

Before TERRY and WAGNER, Associate Judges, and REILLY, Senior Judge.

WAGNER, Associate Judge:

Appellant was charged by information and convicted after a jury trial of one count of threats to do bodily harm in violation of D.C.Code § 22–507 (1989). On appeal, appellant argues for reversal on the grounds that: (1) the statute prohibits only oral threats, while the evidence disclosed only alleged written threats;[1] and (2) the evidence was insufficient to support the conviction. We affirm.

## I.

The government's evidence showed that on August 7, 1991, the complaining witness saw appellant place a note under his door which threatened, *inter alia*, to kill the complainant and to set his car on fire. The complaining witness testified that he had received similar notes previously and that he saw appellant place at least four such notes under his door.[2] The complainant also testified that appellant had banged on his window air conditioner and said, "Come on out. I will kill you." A police officer, Kenneth Dunn, testified that the complainant had filed complaints about the threatening notes of August 4 and 8, 1991. No handwriting samples were taken. Appellant testified that he did not write the notes.

## II.

Appellant argues that D.C.Code § 22–507 covers oral threats, but not written ones. Here the language of the statute is clear and unambiguous; therefore, we give effect to its plain meaning. *J. Parreco & Son v. District of Columbia Rental Hous. Comm'n*, 567 A.2d 43, 45 (D.C.1989) (citations omitted). The statute does not limit the offense to oral threats, and it does not define threats as only those orally communicated. Therefore, we will not do so. In *United States v. Baish*, 460 A.2d 38 (D.C.1983), this court defined the word "threatens" as follows:

> a person "threatens" when she utters words, which are intended to convey her desire to inflict physical or other harm on any person or on property, and these words are communicated to someone.

*Id.* at 42.[3] Appellant argues that "utter" in this context means spoken words only, relying on one of several dictionary definitions. We reject his argument. WEBSTER'S THIRD

---

1. Appellant also contends the trial court erred in altering jury instruction no. 4.17 from the Standardized Criminal Jury Instructions for the District of Columbia (3d ed. 1978) (threats to do bodily harm) to include written as well as oral statements. We disagree. The court properly tailored the instruction to the circumstances within the statutory offense as we conclude in this opinion.

2. Appellant's assertion that the complainant testified he saw him place one note under the door is not borne out by the record. The complainant testified about other notes he saw appellant place under the door. Defense counsel, in questioning about exhibit 1, asked, "That's the only one; correct? ...," and the complainant responded, "I remember this note very good." However, the complainant did not confirm that it was the only note he had seen appellant put under the door.

3. As the threats drawn into issue in *Baish* were conveyed by telephone and were not in writing, we had no occasion in disposing of that appeal to pass upon whether the statute did or did not encompass written messages of an intimidating nature.

NEW INTERNATIONAL DICTIONARY 2526 (1986) includes among its definitions of "utter" the following: "to send forth as a sound; to give vent or expression to; and to express (oneself) in words." "Utterance" is defined in that dictionary, *inter alia*, as "an oral or written statement." *Id.*

In a case involving the same statute, we held that "[t]he gist of the crime is that the words used are of such a nature as to convey a menace or fear of bodily harm to the ordinary hearer." *Postell v. United States*, 282 A.2d 551, 553 (D.C.1971) (citation omitted). Appellant contends the word "hearer" implies that the threats must be oral. We disagree. The issue in *Postell* was whether a conditional threat was a violation of the statute, not whether the threat was written or oral. The decision reached was necessarily tailored to the facts, which involved oral threats. *See id.* We do not find *Postell* and the other similar cases upon which appellant relies persuasive. Therefore, we reject appellant's argument which relies upon such cases.[4]

## III.

Finally, we find no merit to appellant's claim of evidentiary insufficiency. Under the applicable standard of review, we conclude the evidence was adequate for a reasonable mind fairly to conclude appellant's guilt beyond a reasonable doubt. *See Chambers v. United States*, 564 A.2d 26, 30–31 (D.C.1989).

Accordingly, the judgment of conviction appealed from hereby is

*Affirmed.*

---

4. The court in *Postell, supra*, also stated, "[i]t is necessary only that the threats impart the expectation of bodily harm, thereby inducing fear and apprehension in the person threatened." 282 A.2d at 553 (citation omitted). Nothing suggests that written statements are excluded.